Nash, J.
On the trial of the cause below, several questions were made. Only one was decided by his Honor, and as we concur with him inopinio'n on that pointy we have not, as it would otherwise been our duty to do, looked into the others. His Honor decided, that the' deed from Alexander to Joseph II. Wilson, under which the defendant claimed title, was void, as being made without any authority in law. The objection is, that the power given by the Legislature to a sheriff, to make title to lands sold by his successor in office, is a special one and must be strictly pursued. In this case the purchase money, bid by Wilson, the purchaser, was not pa,id to MeConapay, the officer by whom the purchase was made,but to Alexander, his successor in - office. If the latter had any authority in law to receive' it, then his deed-might be good — if he had no such, authority, it is not.All the acts, which have been passed by the Legislature on this subject, confine the power .of a sheriff, out- of office, to execute a deed for land sold by him, while in office, to the case where the money has been paid. This is the language of the Act of 1784, the first on the subject. It provided, that “ where a sheriff or coroner has heretofore sold any lands, &c. and-has not executed deeds for the same, such sheriff or coroner, though- he be now *436 out of office, shall and he is hereby required to seal and execute a deed of bargain and sale for such lands, to such person or persons, who have purchased at vendue and paid the money for the sameand, in case of his death or removal out of the State, then his successor is to make the deed as is herein next before directed.” The same direction is contained in the Act of 1799,’and in that of 1S38; the Acts differing only, in extending the provisions on the subject to deeds made after the periods of their respective passage, as well as to those made before. Through all these acts, then, the same provision is found; that, when a sheriff makes a sale of land under an execution, which has begun to run, and his term of office expires, he can make a deed or conveyance of it, if the purchaser has paid the money. The payment of the money is a condition, and it must be paid to him, as he is the only officer of the law, authorized to receive it. In this case the execution had begun to be executed by McConapay. He had levied the fieri facias upon the land in question, the venditioni exponas had been directed to him, and under it he sold and returned to the Court, that the money was not paid by the purchaser. The new sheriff, Alexander, was not the returning officer, and had no process nor power to receive the money. The money was not received by him in his official character. The authority, which sheriffs have to execute a conveyance under such circumstances, is derived solely from the acts above referred to. It is a special delegation of power and must be strictly pursued. If one departure from the requirements of the law is permitted, it will necessarily introduce others, until at length the law, as established by legislative will, will give way, and be surperseded by the law of convenience. If it were necessary to investigate this case further, there are discrepancies between the return of the old sheriff, McConapay, and the deed of the new sheriff Alexander, which would require explanation. But, believing as we do, that the authority given to Alex *437 ander by the Act of 1838 was a special .one, and being of opinion, that the case had not arisen, in which he had any power to make the deed, under which the defendant claims, we are of opinion that it is void and conveyed to the defendant no title.
Pee Cuiuam. Judgment affirmed.